

**FILED**
**MARCH 30, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRANCE LEE GERAC, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0317 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

On December 18, 2009, petitioner filed with this Court a Petition for a Writ of Habeas Corpus, in which he challenged the results of a disciplinary proceeding. Petitioner paid the required $5.00 filing fee on February 22, 2010. Petitioner indicates in his petition that he lost good-time credits as a result of the proceeding and that he is eligible for mandatory supervised release. A review of the Offender Information Detail website maintained by the Texas Department of Criminal Justice (TDCJ) indicates petitioner is currently confined pursuant to a 2006 conviction for possession of a controlled substance. It additionally shows petitioner was convicted in 1990 for aggravated robbery and was sentenced to serve ten years for the conviction.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good-time

credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Under section 508.149(a)(12), an inmate is not eligible for mandatory supervised release "if the inmate is serving a sentence for *or has been previously convicted of* . . . a first degree felony under Section 29.03, Penal Code," which prohibits aggravated robbery. Tex. Gov't Code Ann. § 508.149(a)(12) (Vernon 2004, Vernon Supp. 2009).

Concerned with petitioner's eligibility for mandatory supervised release, the Court issued a Briefing Order on February 23, 2010 ordering petitioner to inform the Court of whether he was previously convicted of aggravated robbery. Petitioner responded on March 5, 2010: "I Terrance Lee Gerac i'm [sic] not fyling [sic] the courts that I have been convicted of Agg. Robbery [sic] (given the Date of Dec. 10th, 89 [sic]." The Court reads this statement to mean that petitioner was notifying the Court that he was convicted in December of 1989 of aggravated robbery.[1] Moreover, according to the TDCJ, petitioner's maximum sentence date is the same as his projected release date, further indicating petitioner is not eligible for release on mandatory supervision.

Because petitioner was previously convicted of aggravated robbery, he falls under the purview of section 508.149(a)(12) of the Texas Government Code and is ineligible for mandatory supervised release. While petitioner appears to have lost good-time credits in the disciplinary proceeding, his ineligibility for mandatory supervised release prohibits him from challenging a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

---

[1] The Court notes that the Offender Information Detail website maintained by the Texas Department of Criminal Justice indicates petitioner committed the offense on December 10, **1988** and was sentenced for it on February 22, 1990. The discrepancy between the dates on the website and according to petitioner ultimately has no impact on the fact of petitioner's prior conviction, which is the dispositive issue.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner TERRANCE LEE GERAC be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of March, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).